IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03263-BNB

BRIAN VICTOR PRENDERGAST,

      Applicant,

v.

TOM CLEMENTS, Exec. Director of the Colorado Department of Corrections, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Brian Victor Prendergast, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado.  Mr. Prendergast has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Arapahoe County District Court case number 00CR2218.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On December 28, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On January 16, 2012, Respondents filed their pre-answer response (ECF No. 8).  On February 9, 2012, Mr. Prendergast filed a reply (ECF No. 9)

to Respondents' pre-answer response.

The Court must construe liberally Mr. Prendergast's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Prendergast was convicted by a jury in Arapahoe County District Court Case No. 00CR2218 on twelve counts of securities fraud and one count of theft over $15,000.  The charges were based on Mr. Prendergast's solicitation and accepting investments in his corporation, Falcon Financial, from six victims, and then using their money for personal expenses.  On May 24, 2002, the trial court sentenced him to concurrent terms of ten years of probation on each count.  ECF No. 8, ex. A (state court register of actions) at 33, ex. E (answer brief) at 7.   On June 13, 2002, Mr. Prendergast appealed.  ECF No. 8, ex. A at 32.

On January 27, 2003, while the direct appeal was pending, Mr. Prendergast's probation was revoked and he was resentenced to concurrent ten-year terms of Intensive Supervision Probation (ISP).  ECF No. 8, ex. A at 31.  On January 30, 2003, Mr. Prendergast filed a motion to correct illegal sentence pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure.  The state trial court denied the motion four days later on February 3, 2003.  ECF No. 8, ex. A at 30.  Mr. Prendergast did not appeal.  On October 9, 2003, the Colorado Court of Appeals affirmed his convictions on direct appeal.  *See People v. Prendergast*, 87 P.3d 175 (Colo. App. 2003) (ECF No. 8, ex. I).  On April 12, 2004, the Colorado Supreme Court denied certiorari review.  ECF No. 8,

2

ex. G.

On June 1, 2004, Mr. Prendergast's probation was revoked a second time, and he was resentenced to concurrent fifteen-year years of ISP with new terms and conditions specific to financial crime offenders.  ECF No. 8, ex. A at 28.  Nearly two years later, on May 10, 2006, the state trial court found that a recent traffic violation by Mr. Prendergast's was a technical probation violation, but declined to revoke probation. ECF No. 8, ex. A at 27, ex. E at 7-8.

Almost three years later, on May 8, 2009, the state trial court revoked probation, and on August 28, 2009, resentenced Mr. Prendergast to concurrent terms of six years in the DOC on all convictions.  ECF No. 8, ex. A at 24-25.  Mr. Prendergast appealed the six-year sentences.  On October 9, 2009, while his resentencing appeal was pending, Mr. Prendergast filed a letter concerning restitution payments.  The letter, apparently treated as a motion, was denied five days later on October 14, 2009.  ECF No. 8, ex. A at 23.  Mr. Prendergast did not appeal.

On March 24, 2011, the Colorado Court of Appeals affirmed Mr. Prendergast's resentencing.  *See People v. Prendergast*, No. 09CA2165 (Colo. Ct. App. Mar. 24, 2011) (not published) (ECF No. 8, ex. C).  Mr. Prendergast did not seek certiorari review.  On December 13, 2011, Mr. Prendergast filed the instant application.

He asserts five claims as follows:

1.  At his August 2009 resentencing, the trial court violated his Fourteenth Amendment due process rights by ignoring his motion to strike five false statements from the presentence investigation (PSI), thereby failing to "use proper evidentiary standards" to sentence him.  ECF No. 1 at 5.

2.  Bank records were "improperly subpoenaed by a non-oath officer," in violation of his Fourth Amendment rights, a claim Mr. Prendergast concedes was

3

not fairly presented to the state courts.  ECF No. 1 at 6.

      3.  His conviction was obtained by the failure of the prosecution to disclose evidence favorable to him, i.e., that the National Association of Securities Dealers (NASD) had barred him as a member at the time of the alleged crimes, in violation of the Fourteenth Amendment due process rights.

      4.  The prosecution's expert witness testimony prejudiced the jury by misstating the state law and definition of what constituted "[f]air and full disclosure" in violation of his Fourteenth Amendment due process rights.  ECF No. 1 at 7.

      5.  He was subjected to double jeopardy under the Fifth Amendment because he was resentenced to six years of imprisonment for probation violations after he had served seven years on probation, another claim Mr. Prendergast concedes was not fairly presented to the state courts.

Claims one and five challenge Mr. Prendergast's resentencing.  Claims two, three, and four challenge his original conviction.  Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

            (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

            (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

4

>       review; or
>
>       (D)  the date on which the factual predicate of
>       the claim or claims presented could have been
>       discovered through the exercise of due
>       diligence.
>
>       (2)  The time during which a properly filed application for
>       State post-conviction or other collateral review with respect
>       to the pertinent judgment or claim is pending shall not be
>       counted toward any period of limitation under this
>       subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Prendergast's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Prendergast had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on April 12, 2004, but he did not do so.  Therefore, the Court finds that Mr. Prendergast's conviction became final on July 11, 2004, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The date of July 11, 2004, is relevant as to Mr. Prendergast's claims challenging his original sentence, i.e., claims two, three, and four.  Resentencing starts a new limitations period for federal habeas purposes only with regard to claims related to the

new judgment.  *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (applicant's

designation as sexual predator did not restart statute of limitations, as all federal habeas

claims related to original judgment); *see also Fielder v. Varner*, 379 F.3d 113, 122 (3d

Cir. 2004).  Therefore, a new limitations period would apply to claims one and five.

<u>Claims Two, Three, and Four</u>

The Court first will address the limitations period as it applies to claims two,

three, and four.  The one-year limitations period began to run on July 11, 2004, when

Mr. Prendergast's conviction became final, and expired on July 11, 2005.  The Colo. R.

Crim. P. 35(a) postconviction proceeding Mr. Prendergast initiated on January 30, 2003,

while his direct appeal was pending and which the state appeals court denied four days

later on February 3, 2003, did not toll the one-year limitation period because the Rule

35(a) motion was filed and denied before Mr. Prendergast's conviction became final

and, therefore, is not relevant to a one-year limitation analysis.  Mr. Prendergast did not

file the instant application until December 13, 2011, over six years after the limitations

period expired on July 11, 2005.  Therefore, claims two, three, and four are time-barred

in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally,

equitable tolling is appropriate if the applicant shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and

prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable

neglect is not sufficient to justify equitable tolling.  *See Gibson v. Klinger*, 232 F.3d 799,

6

808 (10th Cir. 2000).  Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim.  *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Prendergast fails to provide any explanation for why he failed to raise claims two, three, and four in a timely manner, other than to blame his counsel for failure to raise claim two on direct appeal.  It is true that particularly egregious misconduct, such

7

as repeated, deceitful assurances that a habeas petition would soon be filed, may entitle a habeas applicant to equitable tolling. *See Fleming v. Evans*, 481 F.3d 1249, 1256-57 (10th Cir. 2007); *see also Holland*, 130 S. Ct. at 2564 (stating that the one-year limitation period is subject to equitable tolling when "serious instances of attorney misconduct" have occurred). However, the *Fleming* court also recognized that "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for their attorneys' actions for failures." *Id.* at 1255-56 (quoting *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)). In this case, Mr. Prendergast alleges that he "relied upon counsel to mount an affirmative defense" on his behalf. ECF No. 1 at 6. He does not allege that his counsel repeatedly assured him that he would raise such a claim, and in fact alleges that counsel "failed to effectively uncover this constitutional violation." *Id.*

Further, federal case law requires that Mr. Prendergast "allege with specificity the steps he took to diligently pursue his federal claims" in order to meet the diligence requirement associated with equitable tolling. *Yang*, 525 F.3d at 930 (internal quotation marks omitted). Mr. Prendergast fails to detail any steps that he took to "diligently pursue his federal claims" two, three, or four. *Id.* Moreover, the simple fact that Mr. Prendergast's attorney failed to raise claim two on appeal does not explain Mr. Prendergast's decision to delay filing his habeas application until December 13, 2011. Claims two, three, and four will be dismissed as time-barred by the one-year limitations period in § 2244(d)(1)(A).

<u>Claims One and Five</u>

The Court disagrees with Respondents' argument that the one-year limitations period began running on the date of resentencing, i.e., August 28, 2009, and not May 8,

8

2009, as Respondents contend.  Mr. Prendergast appealed from the resentencing to the Colorado Court of Appeals, which on March 24, 2011, affirmed.  Because Mr. Prendergast did not file a petition for writ of certiorari to the Colorado Supreme Court on direct appeal after the Colorado Court of Appeals affirmed his resentencing, his conviction and sentence became final when the time for filing a petition for writ of certiorari expired.  Pursuant to Rule 52(b)(3) of the Colorado Appellate Rules, Mr. Prendergast had forty-six days to seek certiorari review in the Colorado Supreme Court. Therefore, the Court finds that the judgment of conviction in the resentencing Mr. Prendergast is challenging was final on May 9, 2011.  Mr. Prendergast filed the instant habeas corpus application over seven months later.  Therefore, the application is timely as to claims one and five.

However, Mr. Prendergast concedes that he failed to raise his fifth claim in the state courts.  In response to that concession, Respondents assert the affirmative defense of exhaustion of state court remedies.  More specifically, Respondents contend that claims five is unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of

9

the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

By his own admission, Mr. Prendergast failed to raise his fifth claim as a federal constitutional claim in the state courts.  Although he failed to exhaust state remedies for claim five, the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Prendergast no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351.  Respondents assert, and the Court agrees, that Mr. Prendergast no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure bar him from raising his unexhausted claim in a postconviction motion.  *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The

court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). Mr. Prendergast's failure to have raised his fifth claim as a federal constitutional claim in his resentencing appeal means that, under state law, he is prevented from doing so now. Therefore, the Court finds that Mr. Prendergast's unexhausted claim five is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Prendergast's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Prendergast must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis

11

for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Prendergast can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Mr. Prendergast apparently contends that his resentencing counsel was ineffective in failing to raise the unexhausted claim in his resentencing appeal.  The Court finds that this argument does not demonstrate cause for Mr. Prendergast's procedural default.

To the extent Mr. Prendergast seeks to establish cause based on the alleged ineffectiveness of resentencing counsel, the Court notes that a claim of ineffective assistance of counsel must be raised first as an independent constitutional claim in state court before it can be used to establish cause for a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Mr. Prendergast did not raise in any state court postconviction proceeding a claim that resentencing counsel was ineffective.  As a result, he cannot rely on resentencing counsel's alleged ineffectiveness to demonstrate cause for his procedural default of the unexhausted claim.

Mr. Prendergast also fails to demonstrate that a failure to consider his unexhausted claim will result in a fundamental miscarriage of justice.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to demonstrate a

12

fundamental miscarriage of justice, Mr. Prendergast first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Mr. Prendergast then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Prendergast fails to present any new reliable evidence that demonstrates he actually is innocent. Therefore, he cannot show that a failure to consider his fifth claim will result in a fundamental miscarriage of justice. For these reasons, the Court finds that Mr. Prendergast fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his unexhausted claim will result in a fundamental miscarriage of justice. As a result, the unexhausted fifth claim is procedurally barred, and will be dismissed from this action.

Finally, the Court will address Mr. Prendergast's first claim that at his August 2009 resentencing, the trial court violated his Fourteenth Amendment due process rights by ignoring his motion to strike five false statements from the PSI, thereby failing to "use proper evidentiary standards" to sentence him. ECF No. 1 at 5. Although Mr. Prendergast raised a similar argument before the Colorado Court of Appeals on resentencing appeal, his opening brief did not cite to any provision of the United States Constitution or any federal law. Instead, citing state cases holding that sentences are reviewed for abuse of discretion, he argued that the trial court abused its discretion in overlooking his motion to strike, ECF No. 8, ex. F at 10, and also violated a state statute, Colo. Rev. Stat. § 16-11-102(5), providing that a defendant has a right to

present mitigating information prior to sentencing.  *Id.*

By failing to cite to any provision of the federal Constitution or any federal law, or to label the claim as a "federal" claim, Mr. Prendergast failed to set forth any argument which would have alerted the state appellate court to particularized claims of violations of his federal constitution rights.  *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004). Although Mr. Prendergast did cite United States Supreme Court and Seventh Circuit cases in his reply brief, ECF No. 8, ex. D at 5-6, this is not sufficient to exhaust his claim.  Pursuant to Colorado appellate procedure, arguments presented for the first time in a reply brief will not be considered.  *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990); *accord People v. Salinas*, 55 P.3d 268, 270 (Colo. Ct. App. 2002) (refusing to consider issue not raised until reply brief); *see also United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time in a reply brief generally are deemed waived).  Therefore, this federal issue was not fairly presented to the state courts, because Mr. Prendergast did not present his federal claim in a procedurally proper manner.  *See Baldwin*, 541 U.S. at 31 (indicating that issue is not "'fairly present[ed]'" to state court if consideration of the issue "would force state appellate judge to alter their ordinary review practices").  The Court finds that Mr. Prendergast failed to exhaust state court remedies for his first claim.

Moreover, with limited exceptions inapplicable to claim one, the Colorado Rules of Criminal Procedure also bar Mr. Prendergast from raising his unexhausted first claim in a postconviction motion.  *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d

382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

Mr. Prendergast also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that Mr. Prendergast has procedurally defaulted claim one. As a result, claim one is procedurally barred from federal habeas review, and must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Prendergast files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that claims two, three, and four are dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A).  It is

FURTHER ORDERED that claims one and five are dismissed as procedurally barred.  It is

FURTHER ORDERED that the habeas corpus application is denied. and the action is dismissed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant, Brian Victor Prendergast, has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __17th__ day of _____April_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court